NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THOMAS A., *Appellant*,

*v.*

SAMANTHA A., A.A., A.A., *Appellees*.

No. 1 CA-JV 16-0318
FILED 5-11-2017

Appeal from the Superior Court in Maricopa County
No. JS18087
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Thomas A., Kingman
*Appellant*

Samantha A., Peoria
*Appellee*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

¶1        Thomas A. ("Father") appeals an order terminating his parental rights.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Father is the biological parent of A.N.A. and A.S.A. ("Children").  In 2011, Father was arrested on numerous charges of sexual exploitation of a minor.  Father and Samantha A. ("Mother") were divorced on July 25, 2011, and Mother obtained sole legal custody of the Children.  Pursuant to two plea agreements, Father was convicted of five counts of attempted sexual exploitation of a minor.  Father was sentenced to consecutive aggravated prison terms of 13 and 14 years on two counts, and lifetime probation, including a prohibition of contact with the Children, on the three remaining counts.

¶3        In July 2015, Mother filed a petition to terminate Father's parental rights on several grounds, including the length of incarceration for a felony conviction that would deprive the Children of a normal home for a period of years.[1]  Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(4) (2017).[2]

¶4        After a contested termination hearing, the superior court found by clear and convincing evidence that Father's conviction and incarceration for 27 years was a valid basis for termination, and found by a

---

[1]        We address only the ground found by the superior court.  *See Kent K. v. Bobby M.*, 210 Ariz. 279, 282, ¶ 9 (2005) (only one statutory ground necessary to satisfy § 8-533).

[2]        Absent material revision after the relevant date, we cite a statute's current version.

preponderance of the evidence that it was in the Children's best interests to terminate Father's parental rights. Father timely appealed the termination of his parental rights.[3] We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2017) and 8–235(A) (2017).

## DISCUSSION

¶5        The fundamental right to parent one's child is not absolute. *Kent K.* at 284, ¶ 24. The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8–533, and also that termination is in the best interest of the child." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49, ¶ 12 (2000). We review an order terminating parental rights for an abuse of discretion and will not reverse unless "there is no reasonable evidence to support" the order. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶6        Father's parental rights were terminated pursuant to A.R.S. § 8-533(B)(4) because his term of imprisonment was such that the Children would be deprived of a normal home for a period of years. There is no "bright line" defining how long a sentence must be to deprive a child of a normal home for a "period of years," and each case must be determined based on its "particular facts." *Michael J.*, 196 Ariz. at 251, ¶ 29. The superior court must look to all relevant factors, including:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Id.* at 251-52 ¶ 29.

¶7        Father pleaded guilty to five counts of attempted sexual exploitation of a child, and was sentenced to 27 years in prison. During his incarceration, Mother asked that he be barred from corresponding with the

---

3        At Father's request, the superior court granted an extension of the deadline to file an appeal, and he did so within the designated time.

Children pursuant to A.R.S. § 13-4411.01.  Additionally, Father was placed on lifetime probation.

¶8    The superior court made specific findings on each *Michael J.* factor.  The superior court found that Father has had no contact with the Children for more than four years, and is prohibited from contacting them during his prison term.  The superior court also found that Father's sentence had already deprived the Children of a normal home, notwithstanding that in his absence, Mother continued to provide appropriately for the Children.  We defer to a trial court's findings because it is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings."  *In re Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987).  We find no error in the superior court's finding that clear and convincing evidence demonstrates a valid basis for termination under § 8-533(B)(4).

¶9    The superior court also determined by a preponderance of the evidence that termination of Father's parental rights were in the Children's best interests.  "[I]n a private proceeding to sever parental rights, just as in state-initiated proceedings, a juvenile court may conclude that a proposed adoption benefits the child and supports a finding that severance is in the child's best interests."  *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, ¶ 1 (2016).  In considering a child's best interests, the court is tasked with balancing "the unfit parent's diluted interest against the independent and often adverse interests of the child in a safe and stable home life."  *Id*. at 4, ¶ 15 (internal quotations omitted).

¶10    The superior court found that termination of Father's parental rights would benefit the Children by making them available for adoption by Mother's significant other, who had a history of caring for the Children and expressed his intent to marry Mother and adopt the Children.  The superior court made its finding based on evidence that the Children's presumptive adoptive father had "been there to care for the children's social, education, and emotional needs," and that they would benefit from having a "father who is there for them on a daily basis instead of an absent and incarcerated parent who abused them."  The superior court also found that failure to grant termination would harm the Children because Father still believed, at the time of the hearing, that it was the justice system, not his criminal actions, which harmed the Children.  We conclude that sufficient evidence supports the superior court's finding that termination of Father's parental rights is in the Children's best interests.

**CONCLUSION**

**¶11** For the foregoing reasons, we affirm the order terminating Father's parental rights.

